United States District Court
Southern District of Texas
ENTERED
MAY 20 2009
Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
- BROWNSVILLE DIVISION -

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO. B-09-607 |
| | § | |
| JULIO CESAR PAGUADA-RUIZ | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b)(3). This case has been referred, pursuant to General Order No. 05-002, to the United States Magistrate Judge for the taking of a felony guilty plea and the Federal Rule of Criminal Procedure Rule 11 Allocution. All parties executed a waiver of the right to plead guilty before a United States District Judge as well as a consent to proceed before a United States Magistrate Judge.

On May 20, 2009, the defendant and counsel appeared before the Magistrate Judge, who addressed the defendant personally in open court and informed the defendant of the admonishments under Rule 11 of the Federal Rules of Criminal Procedure. The Magistrate Judge determined that the defendant was competent to plead guilty and fully understood said admonishments.

The defendant entered a plea of guilty to the offense of alien unlawfully being present in the United States after having been convicted of a felony and deported, in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(1) as alleged in the Indictment. A written plea agreement was recited on the record. The government agreed to recommend sentencing at the low end of the Guideline level he scores and be given credit for acceptance of responsibility. Additionally, the government will

recommend a two point departure for early plea, unless the defendant has a previous conviction under 8 U.S.C. § 1326. The Court explained to the defendant that he would be subject to sentencing pursuant to the Sentencing Guidelines promulgated by the United States Sentencing Commission. The Court also explained that parole had been abolished and that the defendant could receive a term of supervised release. The Court explained the range of punishment with regard to imprisonment, fines, restitution, supervised release, and the statutory fee assessment pursuant to the Victim of Crime Act.

The Magistrate Judge finds the following:

1) The defendant, with the advice of his attorney, has consented orally and in writing to enter this guilty plea before the Magistrate Judge, subject to final approval and sentencing by the District Judge;

2) The defendant fully understands the nature of the charges and penalties;

3) The defendant understands his constitutional and statutory rights and wishes to waive these rights;

4) The defendant's plea is made freely and voluntarily;

5) The defendant is competent to enter this plea of guilty; and

6) There is an adequate factual basis for this plea.

## RECOMMENDATION

The Magistrate Court RECOMMENDS that the District Court accept the plea of guilty and, after reviewing the presentence investigation report, enter final judgment of guilt against the defendant.

## WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained within this Report within 10 (ten) days after being served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations and, except upon grounds of plain error, shall bar the party from appellate review of proposed factual findings and legal conclusions accepted by the district court to which no objections were filed. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153, 106 S.Ct. 466, 472-74 (1985); *Douglas v. United Services' Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. *en banc* 1996).

The Clerk is directed to send a copy of this Report and Recommendation to all parties.

SIGNED this 20th day of May, 2009.

/Ronald G. Morgan
United States Magistrate Judge